**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES ALLEN MITCHELL** | § | |
| | § | |
| **V.** | § | **A-10-CA-447-LY** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); Respondent's Answer (Document 10) and Petitioner's response thereto (Document 12). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas, in cause

number 31217. Petitioner was charged with two counts of aggravated sexual assault of a child with two prior felony convictions alleged for enhancement of the sentence to which he entered pleas of not guilty. On May 25, 2006, a jury found Petitioner guilty as charged of Count One but not guilty of Count Two. The jury also found the enhancement allegations to be true and assessed punishment at 50 years of imprisonment.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on November 14, 2008. Mitchell v. State, No. 03-06-00344-CR, 2008 WL 4899195 (Tex. App. – Austin 2008, pet. ref'd). Petitioner filed a petition for discretionary review, which was refused by the Texas Court of Criminal Appeals on March 11, 2009. Mitchell v. State, PDR 161-09.

Petitioner also challenged his conviction in a state application for habeas corpus relief. The application was filed on January 25, 2010. The Texas Court of Criminal Appeals denied the application without written order on May 26, 2010. Ex parte Mitchell, Appl. No. 73,877-01.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> Appellant was convicted of sexually assaulting the victim, who was at the time about twelve years old, in 1999, when she and her siblings lived with him. Appellant was sent to prison in late 1999 for an unrelated charge and while in prison corresponded with the victim. The victim did not make an outcry until 2003, at which time the police began an investigation. Letters between appellant and the victim were introduced into evidence, and the victim, her sister, and her therapist, among others, testified for the State.

Mitchell v. State, No. 03-06-00344-CR, 2008 WL 4899195, at *1 (Tex. App. – Austin 2008, pet. ref'd).

C.    **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His trial counsel performed ineffectively by failing to:

    a. move to exclude two jurors, numbers 8 and 10, either for cause or peremptorily; and

    b. move to exclude potential jurors 18 and 21 either for cause or peremptorily;

2. His appellate counsel performed ineffectively by failing to argue:

    a. trial counsel failed to properly challenge biased potential jurors; and

    b. the trial court erred by admitting over objection letters from Petitioner to the complainant; and

3. The trial court erred by allowing Emily Orozco testify as an expert witness.

D.    **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.    **The Antiterrorism and Effective Death Penalty Act of 1996**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is defined by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

3

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). Harrington v. Richter, ---- S. Ct. ----, 2011 WL 148587, at *9 (2011). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. Id. (citations omitted). A state court need not cite or even be aware of Supreme Court cases under § 2254(d). Id. (citing Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. Id. This is so whether or not the state court reveals which of the elements in a multi-part claim it found insufficient, as the Supreme Court explained, § 2254(d) applies when a "claim," not a component of one, has been adjudicated. Id. With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Ineffective Assistance of Trial Counsel**

Petitioner asserts his trial attorney was ineffective for failing to exclude four potential jurors from serving on the petit jury, either for cause, or by using a peremptory challenge. Petitioner contends that four venirepersons were allowed to sit on the jury even though they exhibited bias during the voir dire. Specifically, Petitioner argues his trial counsel failed to move to exclude these jurors.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

As explained by Respondent, Petitioner has confused the numbering of the venirepersons. Each of the four complained of jurors was actually excused for cause or was excluded through a peremptory challenge by Petitioner's counsel. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

### C.      Ineffective Assistance of Appellate Counsel

Petitioner contends he was denied effective assistance of counsel on appeal when counsel failed to raise the argument that trial counsel allowed four biased venirepersons to serve on the jury. As explained above, the four complained of jurors did not serve on Petitioner's jury. Accordingly, Petitioner's claims is without merit.

Petitioner also contends he was denied effective assistance of counsel on appeal when counsel failed to challenge the trial court's error of allowing letters from Petitioner to the complainant to be admitted as evidence. Petitioner argues the letters between the complainant and himself were easily taken out of context and were potentially prejudicial. He argues the letters were written after the offense and the communication was initiated by the complainant. He concludes the letters were irrelevant and prejudicial. He also argues the letters were not admissible because they were cumulative, unnecessary, and incomplete.

Claims of ineffective assistance of appellate counsel are generally assessed under the same two-part Strickland deficiency and prejudice standard as claims of ineffective assistance of trial counsel. Williams v. Collins, 16 F.3d 626, 635 (5th Cir.), cert. denied, 512 U.S. 1289, 115 S. Ct.

42, (1994). With respect to <u>Strickland's</u> deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." <u>Green v. Johnson</u>, 160 F.3d 1029, 1043 (5th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1174, 119 S. Ct. 1107 (1999); <u>see also</u> <u>Ellis v. Lynaugh</u>, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), <u>cert. denied</u>, 493 U.S. 970, 110 S. Ct. 419 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." <u>Rose v. Johnson</u>, 141 F. Supp.2d 661, 704-705 (S.D. Tex. 2001). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in <u>Smith v. Robbins</u>, 528 U.S. 259, 288, 120 S. Ct. 746 (2000)). As for <u>Strickland's</u> prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." <u>United States v. Dovalina</u>, 262 F.3d 472, 474 (5th Cir. 2001).

The letters were admitted into evidence over trial counsel's objections that they were irrelevant and possibly hearsay. CR at 28; 2 RR 113-14; 6 RR Exhibits 1-16. The State contended the letters served to establish that there was sexual activity between the complainant and Petitioner, that Petitioner was continuing to "groom" the complainant after the instant offense had been committed, and that explained the delayed outcry of the complainant. 2 RR 114-17.

As a matter of state law, evidence of other crimes, wrongs, or acts committed by a defendant against a child sexual assault victim is admissible to show the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. See TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon 2009). As explained by Respondent, the letters

7

between Petitioner and the complainant were admissible because they served to establish that Petitioner attempted to continue to maintain his relationship with the complainant after the offense had been committed and while he was incarcerated for another crime. See 6 RR at Exhibits 2, 9. In addition, the letters helped explain the reasons for the delay in the complainant's outcry. See 3 RR 127-30.

After consideration of Petitioner's claim, the Texas Court of Criminal Appeals denied Petitioner's requests for habeas corpus relief. Having independently reviewed the entire state court record, including the letters admitted into evidence, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of appellate counsel.

**D.     Trial Court Error**

In his final ground for relief Petitioner argues the trial court erred by allowing Emily Orozco to testify as an expert witness. Specifically, Petitioner contends the trial court did not require sufficient evidence of Orozco's expertise and qualifications. Petitioner argues the trial court never considered whether Orozco was qualified to testify about the specific theories about which she testified, specifically, about the theory of "grooming." Petitioner also argues the trial court never established that Orozco's testimony was based on good science.

On direct appeal Petitioner argued the trial court should not have allowed Orozco to testify as an expert on sexual offenders. The appellate court summarized Orozco's testimony as follows:

> Orozco testified that she was a licensed professional counselor and a state-licensed, sex-offender treatment provider. To obtain a license (formerly a certification) for sex-offender treatment, she completed a 2,000-hour internship under a licensed sex-offender treatment provider. She testified that she runs group therapy and treats adults and juveniles, both male and female, who have committed sex offenses. Appellant objected to Orozco's qualifications and on voir dire asked only whether she had psychology or psychiatric degrees. The trial court overruled appellant's objection and allowed Orozco to testify about the "offense cycle," which occurs when something triggers a sex offender to first fantasize about committing abuse, form a plan, and then begin to implement the plan by grooming his victim and testing her responses. She testified that she had reviewed letters that appellant wrote to the victim after the abuse occurred and while he was in prison, in which he essentially told the victim that when he was released they would have a future together, that he loved her, and that he wanted her to stop dating other boys. Orozco said that in her opinion, appellant used several grooming techniques in the letters to facilitate further sexual contact upon his release-testing the victim's responses, building trust, putting himself on the victim's level and raising her up to his, drawing the victim in, and establishing a relationship with her, all in an attempt to build and maintain control over her. She further testified that the victim's delayed outcry did not surprise her and said that she had no doubt that appellant "has a real problem with his sexual attraction to children." On cross-examination, Orozco testified that she was currently running nine therapy groups, averaging seven or eight individuals per group, and that she had been working as a counselor since 1997.

Mitchell v. State, No. 03-06-00344-CR, 2008 WL 4899195, at *1 (Tex. App. – Austin 2008, pet. ref'd). The appellate court held the trial court did not abuse its discretion in determining Orozco's nine years of experience and specialized training and treatment of sex offenders qualified her to testify about how offenders groom children for abuse. Id. at *2. Alternatively, the appellate court held even if there had been error in allowing the testimony, it did not affect Petitioner's substantial rights, because the complainant's therapist also testified about how Petitioner groomed the complainant by flattering her, telling her he missed her and that he wanted to maintain a relationship with her, and making her feel comfortable with him. Id.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62,

9

67-68, 112 S. Ct. 475 (1991).  A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710 (1993).

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Mayabb v. Johnson, 168 F.3d 863, 868 (5th Cir. 1999) (quoting Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996)).  To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him.  Brecht, 507 U.S. at 637.

As explained by the appellate court, Petitioner has not shown how the alleged error actually prejudiced him in light of the therapist's additional testimony regarding grooming.  In fact, Petitioner admits Orozco's testimony was not needed to make a case against him.  See Pet. Objection to Respondent's Answer at 11.  Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence, when it denied Petitioner's request for relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE